UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOGRAPHIC LOCATION INNOVATIONS LLC<br><br>    Plaintiff,<br><br>v.<br><br>HEALTH MART SYSTEMS, INC.<br><br>    Defendant. | Case No: 4:21-cv-05155-YGR |

**HEALTH MART SYSTEMS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Health Mart Systems, Inc. ("Health Mart" or "Defendant") files this Answer and Affirmative Defenses to Plaintiff Geographic Location Innovations LLC's ("Plaintiff" or "GLI") Complaint. Health Mart denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES AND JURISDICTION**

1. Health Mart admits that Plaintiff has alleged infringement of a patent under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, but denies it has committed and/or is committing acts of infringement and denies Plaintiff is entitled to any relief. Health Mart denies any remaining allegations in Paragraph 1 of the Complaint.

2. Health Mart does not contest that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent under the Patent Laws of United States, but denies it has committed and/or is committing acts of infringement and denies

---

[1] For avoidance of doubt, Health Mart denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

Plaintiff is entitled to any relief. Health Mart denies any remaining allegations in Paragraph 2 of the Complaint.

3. Health Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Health Mart admits that it is a Delaware corporation with a place of business located at 6535 State Highway 161, Irving, Texas 75039. Health Mart admits it may be served through its agent, CSC, in the State of Delaware. Health Mart denies the remaining allegations in Paragraph 4 of the Complaint.

5. Health Mart does not contest whether personal jurisdiction over it properly lies in this District in this case, but denies it has committed and/or is committing acts of infringement within the State of California or in this District and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. Health Mart denies it has committed and/or is committing acts of infringement within the State of California or in this District and, on that basis, denies the allegations of Paragraph 6 of the Complaint.

## VENUE

7. Health Mart does not contest whether venue is proper in this District in this case, but denies it has committed and/or is committing acts of infringement within the State of California or in this District and, on that basis, denies the allegations of Paragraph 7 of the Complaint.

## COUNT I
## ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 7,917,285)

8. Health Mart incorporates by reference each of its responses set forth in Paragraphs 1–7 above as if fully set forth herein.

9. Health Mart admits that this action arises under the Patent Laws of the United States, including under 35 U.S.C. § 271, *et seq.*, but denies it has committed and/or is committing acts of infringement and, on that basis, denies the allegations of Paragraph 9 of the Complaint.

10. Health Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Health Mart admits a purported copy of U.S. Patent No. 7,917,285 ("the '285 Patent") is attached to the Complaint as Exhibit A, and that it shows the patent to be titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," but denies any remaining allegations in Paragraph 11 of the Complaint.

12. Health Mart denies the allegations in Paragraph 12 of the Complaint.

13. Health Mart admits that the '285 Patent was issued on March 29, 2011. Health Mart denies the remaining allegations in Paragraph 13 of the Complaint.

14. Health Mart admits that the '285 Patent speaks for itself but denies any characterization inconsistent therewith, and denies the idea claimed in the patent constitutes an invention. Health Mart denies the remaining allegations in Paragraph 14 of the Complaint.

15. Health Mart admits that the '285 Patent speaks for itself but denies any characterization inconsistent therewith, and denies the idea claimed in the patent constitutes an invention. Health Mart denies the remaining allegations in Paragraph 15 of the Complaint.

16. Health Mart admits that the '285 Patent speaks for itself but denies any characterization inconsistent therewith, and denies the idea claimed in the patent

constitutes an invention. Health Mart denies the remaining allegations in Paragraph 16 of the Complaint.

17. Health Mart admits that the '285 Patent speaks for itself but denies any characterization inconsistent therewith, and denies the idea claimed in the patent constitutes an invention. Health Mart denies the remaining allegations in Paragraph 17 of the Complaint.

18. Health Mart admits that the '285 Patent speaks for itself but denies any characterization inconsistent therewith, and denies the idea claimed in the patent constitutes an invention. Health Mart denies the remaining allegations in Paragraph 18 of the Complaint.

19. Health Mart denies the allegations in Paragraph 19 of the Complaint.

20. Health Mart denies the allegations in Paragraph 20 of the Complaint.

21. Health Mart denies the allegations in Paragraph 21 of the Complaint.

22. Health Mart denies the allegations in Paragraph 22 of the Complaint.

23. Health Mart denies the allegations in Paragraph 23 of the Complaint.

24. Health Mart denies the allegations in Paragraph 24 of the Complaint.

25. Health Mart denies the allegations in Paragraph 25 of the Complaint.

26. Health Mart denies the allegations in Paragraph 26 of the Complaint.

27. Health Mart denies the allegations in Paragraph 27 of the Complaint.

28. Health Mart denies the allegations in Paragraph 28 of the Complaint.

29. Health Mart denies the allegations in Paragraph 29 of the Complaint.

30. Health Mart denies the allegations in Paragraph 30 of the Complaint.

31. Health Mart denies the allegations in Paragraph 31 of the Complaint.

32. Health Mart denies it has committed and/or is committing any acts of infringement and, on that basis, denies the allegations in Paragraph 32 of the Complaint.

33. Health Mart denies it has committed and/or is committing any acts of infringement and, on that basis, denies the allegations in Paragraph 33 of the Complaint.

34. Health Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, on that basis, denies all such allegations.

### [PLAINTIFF'S] PRAYER FOR RELIEF

Health Mart denies the Plaintiff is entitled to any relief from Health Mart and denies all the allegations contained in Paragraphs (a)–(e) of Plaintiff's Prayer for Relief.

### AFFIRMATIVE DEFENSES

Health Mart's Affirmative Defenses are listed below. Health Mart reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

Health Mart has not infringed and does not infringe, either literally or under the doctrine of equivalents, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '285 Patent (the "Asserted Patent").

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Asserted Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Health Mart's actions allegedly infringe the Asserted Patent,

5

Health Mart is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Health Mart is found to indirectly infringe, either by contributory infringement or inducement of infringement, Health Mart is not liable to Plaintiff for the acts alleged to have been performed before Health Mart knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patent are not entitled to a scope sufficient to encompass any product of, system employed by, or process or method practiced by Health Mart.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Health Mart makes, uses, or sells any product or service embodying each claimed element of any asserted claim, or that Health Mart directs or controls another entity to make, use, or sell any element that is not made, used, or sold by Health Mart.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patent does not claim patentable subject matter under 35 U.S.C. § 101.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed by Health

Mart includes: (1) "a server configured to receive a request for an address of at least one location not already stored in the positional information device, to determine the address of the least one location and to transmit the determined address to the positional information device" as required by Claim 13 of the '285 Patent; (2) "a locational information module for determining location information of the positional information device" as required by Claim 13 of the '285 Patent; (3) "a communication module for receiving the determined address of the at least one location from the server" as required by Claim 13 of the '285 Patent; (4) "a processing module configured to receive the determined address from the communication module and determine route guidance based on the location of the positional information device and the determined address" as required by Claim 13 of the '285 Patent; or (5) "wherein the server receives a time and date associated with the requested at least one location and transmits the associated time and date with the determined address to the positional information device and the positional information device displays the determined address at the associated time and date" as required by Claim 13 of the '285 Patent.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Asserted Patent and/or applications related thereto, from asserting any interpretations of any valid, enforceable claims of the Asserted Patent that would be broad enough to cover any activity of Health Mart, either literally or by application of the doctrine of equivalents.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and/or 287.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

### THIRTEENTH AFFIRMATIVE DEFENSE

Should Health Mart be found to infringe any valid, enforceable claim of the Asserted Patent, Plaintiff is precluded from recovering increased damages under 35 U.S.C. § 284 and such alleged infringement was not willful.

### PRAYER FOR RELIEF

WHEREFORE, Health Mart asks this Court to enter judgment in Health Mart's favor and against GLI by granting the following relief:

    a. a judgment that the Asserted Patent is invalid;

    b. a judgment that Health Mart does not infringe, under any theory, any valid claim of the Asserted Patent that may be enforceable;

    c. a judgment that the Asserted Patent is unenforceable;

    d. a judgment the GLI take nothing by its Complaint;

    e. judgment against GLI and in favor of Health Mart;

    dismissal of the Complaint with prejudice;

    f. a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Health Mart of its costs and attorneys' fees incurred in this action; and

    g. further relief as the Court may deem just and proper.

Dated: August 27, 2021	Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: /s/ Betty Chen
    Betty Chen
    California Bar No. 290588
    bchen@fr.com
    500 Arguello Street Suite 400
    Redwood City, CA 94063
    (650-839-5070) – Telephone

    Thad Kodish *(pro hac vice to be filed)*
    Georgia Bar No. 427603
    Tkodish@fr.com
    1180 Peachtree Street NE, 21st Floor
    Atlanta, GA 30309
    (404) 892-5005

    Ricardo J. Bonilla *(pro hac vice to be filed)*
    Texas Bar No. 24082704
    rbonilla@fr.com
    Sarika N. Patel *(pro hac vice to be filed)*
    Texas Bar No. 24073520
    patel@fr.com
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 – Telephone

**ATTORNEYS FOR DEFENDANT
HEALTH MART SYSTEMS, INC.**